

Copy hand-delivered to chambers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 08-CR-283

STEVEN J. DELKER,

    Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Michelle L. Jacobs, Acting United States Attorney for the Eastern District of Wisconsin, and Lisa Wesley, Assistant United States Attorney, and the defendant, Steven J. Delker, individually and by attorney Jonathan A. LaVoy, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in a nine-count indictment with forfeiture provisions which alleges violations of Title 18, United States Code, Sections 922(a)(6) and 924(g)(3).

3.    The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.    The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT THREE
### THE GRAND JURY FURTHER CHARGES THAT:

1. On or about February 6, 2007, in the State and Eastern District of Wisconsin,

**STEVEN J. DELKER,**

in connection with the acquisition of two firearms from Trip Wire, W9076 Hwy A, Delavan, Wisconsin, a federal licensed firearms dealer, knowingly did make false and fictitious written statements intended and likely to deceive Trip Wire, as to facts material to the lawfulness of the sale and disposition of such firearms under the provisions of Chapter 44 of Title 18, United States Code.

2. In particular, in connection with the purchase of the firearms listed in paragraph three (3) below, Steven J. Delker falsely stated on the Firearms Transaction Record (ATF Form 4473) that he was the actual buyer of the firearms when, in fact, as Delker well knew, he was purchasing the firearms for someone else. Delker also falsely stated that he was not an unlawful drug user, when as Delker fully admitted, he has used drugs weekly for over eighteen (18) years.

3. The firearms are further described as a Hi-Point, model C9, 9mm pistol, bearing serial number P1342231, and a Hi-Point, model C9, 9mm pistol, bearing serial number P1342233.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT NINE
### THE GRAND JURY FURTHER CHARGES THAT:

1. On or about April 20, 2008, in the State and Eastern District of Wisconsin,

**STEVEN J. DELKER,**

who being an unlawful user of a controlled substance as defined in 21 U.S.C. Sec. 802, knowingly possessed five firearms which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearms are more fully described as:
   a. a Marlin .22lr rifle, bearing serial number 09517991;
   b. a Remington, model 870, 12 gauge shotgun, bearing serial number D178469M;
   c. a Browning 30.06 rifle, bearing serial number 137PN26604;
   d. a Marlin, 30/30 Win rifle, bearing serial number 04053963; and
   e. a Remington 12 gauge shotgun, bearing serial number 209330V.

2

All in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Between February and November 2007, Steven Delker purchased at least 10 firearms from federally licensed firearms dealers in Wisconsin. Delker filled out paperwork for the purchase of these firearms and on each occasion indicated that he was the actual buyer, when in fact he was buying the firearms for other persons. Delker also indicated that he was not a drug user, when in fact he used crack cocaine and marijuana on a regular basis for years. In exchange for purchasing the firearms for Milwaukee drug dealers that he frequented, Delker admitted that he received both money and drugs. In addition to the firearms that he purchased, Delker also admitted possessing several firearms at his home.

**Count Three**
According to paperwork from Trip Wire, a federally licensed firearms dealer located in Delavan, Wisconsin, on February 6, 2007, Delker filled out paperwork to purchase two firearms. The firearms are described as follows: (1) a Hi-Point, model C9, 9mm pistol, bearing serial number P1342231; and (2) a Hi-Point, model C9, 9mm pistol, bearing serial number P1342233. Delker falsely indicated in the paperwork he filled out that he was the actual buyer of the above firearms. Delker also falsely indicated he was not an unlawful user of marijuana or any other controlled substance. Had Delker truthfully indicated that he was not the actual buyer and that he was a user

3

of controlled substances, the purchase could not have legally moved forward. Based on his false representations, however, the transaction was completed.

On February 8, 2007, Delker returned to Trip Wire and picked up the two firearms. In a voluntary statement made to law enforcement on April 20, 2008, Delker admitted these firearms were purchased for a drug dealer. Both pistols were recovered by the Milwaukee Police Department from other individuals, one on February 23, 2007, and the other on June 26, 2007, during a foot chase.

### Count Nine

On April 20, 2008, Delker was interviewed in Milwaukee by special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), and admitted that he had five firearms at his home in Montello, Wisconsin. Delker voluntarily agreed to turn the firearms to the local sheriff's department upon his return to Montello. As such, on April 20, 2008, Delker took five firearms to the Marquette County Sheriff's Department including: a Marlin .22lr rifle, bearing serial number 09517991; a Remington, model 870, 12 gauge shotgun, bearing serial number D178469M; a Browning 30.06 rifle, bearing serial number 137PN26604; a Marlin, 30/30 Win rifle, bearing serial number 04053963; and a Remington 12 gauge shotgun, bearing serial number 209330V.

Further, Delker admitted that he was an unlawful user of controlled substances. Namely, Delker stated he used both crack cocaine and marijuana on a weekly basis for the last 18 years. Delker last used crack cocaine two days before he provided a statement to agents.

Finally, ATF determined that all five firearms were manufactured outside of Wisconsin. In particular, the firearms were manufactured in Connecticut, New York, and Belgium, and must have traveled in interstate commerce before Delker possessed them.

4

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this these offenses.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: count three and count nine, 10 years and $250,000. Each count also carries a mandatory special assessment of $100.00, and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of **False Statement to a Firearms Dealer** as set forth in count three, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant knowingly made a false statement to a licensed firearms dealer;

Second, that the false statement was made in acquisition or attempted acquisition of a firearm; and

5

Third, that the false statement was likely to deceive the firearms dealer as to the lawfulness of the sale of the firearm.

The parties further understand and agree that in order to sustain the charge of **Possession of a Firearm by an Illegal Drug User** as set forth in count nine, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant was an unlawful user of controlled substances, that is, crack cocaine and marijuana;

Second, that on April 20, 2008, the defendant knowingly possessed firearms; and

Third, that the firearms possessed by the defendant had traveled in interstate commerce prior to defendant's possession of them on that date.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 4.

6

The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

7

### Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offenses charged in both count three and count nine is 14 under Sentencing Guidelines Manual § 2K2.1(a)(6).

### Specific Offense Characteristics -Weapons

17. The parties agree to recommend to the sentencing court that a 4-level increase under Sentencing Guidelines Manual § 2K2.1(b)(1)(B) is applicable to the offense level for the offenses charged in counts three and nine because the offenses involved more than eight firearms.

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

21. The government agrees to recommend a sentence at the low end of the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

25. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which

9

will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

### Fine

26. The parties agree to recommend to the sentencing court that a fine, consistent with defendant's ability to pay, be imposed against the defendant.

### Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Forfeiture

28. The defendant agrees that all properties listed in the indictment, constitute the proceeds of the offenses to which he is pleading guilty, or were used to facilitate such offenses. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement. The parties agree that the forfeiture of the defendant's properties as described in the indictment will be determined by the court prior to or at the time of sentencing.

### DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

10

a.  If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant

11

intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement [or the Stipulation of Facts Relative to Sentencing, included in this plea agreement as Attachment 1], is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

12

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the

13

applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 1-23-09

STEVEN S. DELKER
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1/23/09

JONATHAN A. LAVOY
Attorney for Defendant

For the United States of America:

Date: 2/5/09

MICHELLE L. JACOBS
Acting United States Attorney

Date: 2/5/09

LISA WESLEY
Assistant United States Attorney

15

Case 2:08-cr-00283-RTR    Filed 02/05/09    Page 15 of 15    Document 7