UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                Plaintiff,

                                                          Case No.: 08-CR-283

STEVEN J. DELKER,

                Defendant.

───────────────────────────────────────────────

SENTENCING MEMORANDUM
───────────────────────────────────────────────

      The defendant, Steven J. Delker, by his attorney, Jonathan A. LaVoy, Kim & LaVoy, S.C., presents the following information in consideration of a non-guideline sentence pursuant to the factors set forth in 18 U.S.C. §3553 (a).

      Pursuant to United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007), when imposing a sentence, the court must first calculate the advisory guideline range then determine an appropriate sentence under all of the factors set forth in 18 U.S.C. §3553(a). In imposing the ultimate sentence, the court must consider all of the factors set forth in §3553(a). United States v. Harris, 490 F. 3d 589, 593 (7th Cir. 2007) cert. denied 128 S. Ct. 963 (2008). After considering all of the factors, the court must impose a sentence that is sufficient, but not greater than necessary to satisfy the purposes of sentencing. Further, the court must give respectful consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence to be the correct one. Rita v. United States, 127 S. Ct. 2456, (2007).

      In this case, the Presentence Report recommends a total offense level of 15 with a criminal history of III, with a guideline range of imprisonment of 24-30 months. The Presentence Report's guideline calculations are consistent with the plea agreement.

Based on the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public, and the need to provide the defendant with ongoing alcohol and drug abuse counseling, a probationary disposition with extensive conditions that aid his treatment needs would not unduly depreciate the severity of the offense. Although Mr. Delker purchased several firearms from federally licensed firearm dealers in Wisconsin and provided them to others to further his drug habit, his needs would be best served, and the community would be adequately protected, if he were supervised within the community.

Mr. Delker's crimes were motivated primarily by the use and abuse of cocaine and other drugs and his behavior was a direct result of his need to feed his addiction. Mr. Delker was in no way attempting to profit or obtain any other advantage from his behavior. One can assume that if Mr. Delker remains drug free, the likelihood of future similar behavior is unlikely. As direct evidence, prior to Mr. Delker even knowing he was under investigation, he voluntarily left the Milwaukee area to clean himself up. He moved to Montello, Wisconsin to live with his father and to detach himself from his negative relationships and behavior. In Montello, he obtained a full time position at Brakebush Brothers and stopped using cocaine. Mr. Delker has also had struggles with alcohol and has been obtaining treatment through Attic Correctional Services since January of 2009. Mr. Delker has been compliant with Pre-Trial Services and has not tested positive for controlled substances or alcohol during the pendency of this case.

A probationary sentence with appropriate conditions would allow Mr. Delker to continue to address his treatment needs within the community while maintaining employment. Society would be properly protected through a probationary term with conditions of continued treatment, absolute sobriety, random screens and home detention or other confinement or treatment options.

Based on these factors, Mr. Delker respectfully requests the court to take into consideration all of the factors set forth in § 3553 (a) and imposing non-guideline sentence of probation with appropriate conditions.

Dated at Brookfield, Wisconsin this 18th day of May 2009.

Respectfully submitted,

s/JONATHAN A. LAVOY
Jonathan A. LaVoy
State Bar Number: 1207608
Counsel for the Defendant
Kim & LaVoy, S.C.
2505 N. 124th Street, Suite 220
Brookfield, WI 53005
Telephone: (262) 796-1400
Fax: (262) 796-1470
email: jlavoy@kimandlavoy.com